UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ELDA McMILLON,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, et al.,

Defendants.

Case No. 2:18-cv-02412-RFB-NJK

ORDER

## I. INTRODUCTION

Before the Court is Defendant United States Department of Veteran Affairs' ("Defendant") Motion to Dismiss (ECF No. 8). For the reasons stated below, the Court grants the motion and grants McMillon ("Plaintiff") leave to file an amended complaint.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the operative complaint in this action in the Eighth Judicial District Court of Clark County, Nevada on November 14, 2018. ECF No. 1-1 at 3. Defendant filed a Petition for Removal in this Court on December 21, 2018 pursuant to 28 U.S.C. § 1442(a)(1). ECF No. 1. The action was stayed on January 2, 2019, ECF No. 3, and the Stay was lifted on February 6, 2019, ECF No. 7. On February 15, 2019, Defendant filed the instant Motion to Dismiss. ECF No. 8. Plaintiff responded on February 28, 2019, ECF No. 11, and Defendant replied on March 7, 2019, ECF No. 13. A hearing was held on the motion on July 31, 2019, ECF No. 17, and pursuant to the Court's order at that hearing, Plaintiff filed an Affidavit on August 7, 2019, ECF No. 18.

### III. FACTUAL ALLEGATIONS

Plaintiff alleges in the state court complaint that on November 18, 2016, Plaintiff fell due to a "dangerous condition" on Defendant's property and suffered severe bodily injuries and damages in excess of $15,000. ECF No. 1-1 at 2-3. Plaintiff brought two claims against Defendant including "negligence/premises liability" and "negligent hiring/supervision," and three claims against Doe Defendants including "negligence/premises liability" and "negligent hiring/supervision" against Doe Defendant Owner, and "negligence/premises liability" against Doe Defendant Maintenance/Cleaning Janitorial Company. Id. at 3-8.

Plaintiff asserts that on or around December 23, 2017 and April 27, 2018, Plaintiff's counsel sent a form SF-95 to the Department of Veterans' Affairs ("VA") and received confirmation that the VA received the letter "or representation combined with form SF-95" on May 1, 2018. ECF No. 11 at 2.

Defendant's Motion to Dismiss asserts dismissal is warranted because this Court lacks subject matter jurisdiction over Plaintiff's claims under the Federal Tort Claims Act ("FTCA"), and that the complaint fails to set forth facts upon which relief can be granted. ECF No. 8 at 1.

### IV. LEGAL STANDARD

#### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) authorizes a challenge based on lack of subject matter jurisdiction. A Rule 12(b)(1) jurisdictional attack may be facial or factual. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1038 (9th Cir. 2004). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id. The burden of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).

#### B. Jurisdiction Under the Federal Tort Claims Act

Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from lawsuits against them. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. "Indeed the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. at 475. The Federal Tort Claims Act contains a limited waiver of sovereign immunity, rendering the United States liable to the same extent as a private party for certain torts committed by federal employees. 28 U.S.C. 1346(b). The Act gives federal courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of federal employees acting within the scope of their employment. 28 U.S.C. 1346(b)(1). An exception to the FTCA lies for intentional torts. 28 U.S.C. 2680(h).

**C. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

**V. DISCUSSION**

**A. Fed. R. Civ. P. 12(b)(1)**

The Court begins with Defendant's assertion that this Court does not have subject matter jurisdiction over Plaintiff's claim, and therefore that this action must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

The FTCA provides that "an action shall not be instituted upon a claim against the United States for money damages unless the claimant shall have first presented the claim to the appropriate

Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. 2675(a). If the agency does not make a disposition of the claim within six months, the claimant may deem the failure to act as a denial, and he may file suit. Id. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b).

Federal regulations under 28 C.F.R § 14.2 govern the procedures by which an administrative claim is deemed to be presented to the appropriate agency. "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 [S-95] or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R § 14.2(a). It further states that "A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant . . . . A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency." Id. at § (b)(1).

As an initial matter, Defendant asserts there is no subject matter jurisdiction because the VA is not a proper defendant under the FTCA, as the FTCA only permits suit against the United States itself, and not its agencies. ECF No. 8 at 3-4. Defendant further asserts that the Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies before filing suit in this Court, in accordance with 28 C.F.R. § 14.2. Id. at 4. Defendant asserts that Plaintiff's complaint lacks a statement of jurisdiction and allegations that she submitted her claim to the relevant federal agency before commencing action. Id. at 5. Defendant also points to

evidence in support of the motion that the VA searched for but did not locate a record of an administrative claim from Plaintiff prior to the filing of her suit. Id. at 5-6; see also Ex. A at 2, ECF No. 8-1. Moreover, Defendant argues that even assuming *arguendo* Plaintiff submitted an administrative claim, her complaint must be dismissed because there is no evidence the VA *received* it, as required by the statute and Ninth Circuit precedent. ECF No. 8 at 6; see also ECF No. 13 at 3. Thus, because Plaintiff did not exhaust her administrative remedies, she has not complied with the FTCA and the Court has no jurisdiction over her claim.

Plaintiff argues that if the VA is not the proper party, she should be allowed to amend the complaint to substitute the United States. ECF No. 11 at 3. Plaintiff also asserts that pursuant to 28 C.F.R. § 14.2, she sent the SF-95 form to the VA at 6900 N. Pecos Rd., Las Vegas, Nevada 89086 via certified mail, and that because she did not receive a response within six months prior to filing suit, she exhausted her administrative remedies. Id.; see also Ex. B, ECF No. 11.

Defendant countered in its reply that the certified mail receipt attached as an exhibit to Plaintiff's response indicates the SF-95 form was sent to the wrong location—the North Las Vegas VA Medical Center—which is not the appropriate location. Rather, Defendant contends Plaintiff should have sent the form to the VA in Washington, D.C. ECF No. 13 at 3-4. Moreover, Defendant cites Ninth Circuit precedent to contend that "proof of service" is not direct evidence that a claim was "received" by an agency. Id. at 3 (citing Estes v. United States, 302 Fed. Appx. 563 (9th Cir. 2008)). Finally, Defendant argues that the evidence attached to Plaintiff's response does not establish an administrative claim was made, because the "letter of representation" does not describe Plaintiff's injuries or contain a "sum certain damages claim" as the regulations require, and that the attached SF-95 lacks critical information. Id. at 4-5. Additionally, Defendant states there is no evidence the letter of representation was sent with the SF-95 form, as it does not reference the form or an administrative claim. Id. at 5.

In response to Defendant's reply and the Court's order at the hearing on the instant motion, Plaintiff filed an Affidavit of Plaintiff's counsel stating that the VA sent a letter in response to Plaintiff's request for information on January 12, 2018, and that the letterhead demonstrates that Plaintiff sent her original letter of representation and SF-95 form to the correct address. Aff. of

Brian M. Boyer at 2, ECF No. 18; see also Ex. A, ECF No. 18. Plaintiff also attached email correspondence between employees at Plaintiff's counsel's firm, on the subject of completing and submitting the SF-95 form. Ex. C, ECF No. 18. Finally, Plaintiff submitted screenshots of the firm's server, which indicate that the "LOR to Location – VA-2" has not been modified since April 27, 2018, and that the "LOR to Location – VA-2" was comprised of five pages and contained an SF-95 form. Exs. D-E, ECF No. 18.

The key dispute between the parties is whether the VA "received" Plaintiff's SF-95 form, such that she adequately exhausted her administrative remedies. As an initial matter, the Court finds that Exhibit A of the Affidavit makes clear that Plaintiff did indeed send her letter of representation and SF-95 form to the correct address. At the top of the letterhead is printed, "Department of Veterans Affairs" under which is the same address listed on Plaintiff's certified mail receipt. Yet, even if this were not the appropriate location within the VA to which administrative claims should be directed, the regulations themselves state that "When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." 28 C.F.R. §14.2(b)(1). Thus, if an agency *outside* of the VA would be required to transfer the claim to the appropriate location within the VA in the event it was erroneously received by that agency, *a fortiori*, a location *within* the VA would be required to alert the appropriate location of the claim's existence, and transfer it or advise the claimant to do so accordingly. To conclude otherwise would suggest that a claimant who *nearly* gets it right is worse off than a claimant who decidedly gets it wrong. The regulations should not be interpreted to render such an illogical result.

Furthermore, the Court finds that Plaintiff's evidence is sufficient to conclude that the letter of representation and claim form were sent together. The Court finds the Eleventh Circuit's reasoning in Barnett v. Okeechobee Hosp. instructive on this point. There the Court considered facts nearly identical to those at issue here—a letter sent by counsel with an S-95 form sent by certified mail, which the VA stated it did not receive, therefore putting the question of subject matter jurisdiction in issue. 238 F.3d 1232, 1234-35 (11th Cir. 2002). Though the Court recognized that the presumption afforded the non-movant under a 12(b)(6) motion—that the allegations in the

1  complaint are presumed to be true—does not exist when the non-movant faces a factual attack
2  pursuant to 12(b)(1), the Court noted that courts are still entitled to accept an inference logically
3  presented by the evidence before them. Id. at 1237-38. Here, the evidence provided in Plaintiff's
4  Affidavit and accompanying exhibits raises the inference that the letter and SF-95 form were sent
5  together. And though the VA says it did not receive the form, "the VA should not be accorded any
6  special presumption of believability because it is a branch of the United States government and
7  should be treated no differently than a private defendant . . . ." Id. at 1240. The certified mail
8  receipt and proper address for an official facility of the VA raises a presumption that the form was
9  received, and the VA has not adequately rebutted this presumption.

Finally, the claim form identified Plaintiff, the type of injury, and the amount of damages, and was sent to the VA. Ex. A, ECF No. 11. Accordingly, Plaintiff has established that she properly presented her administrative claim and that, due to the VA's failure to respond within the requisite six-month timeframe, the claim is exhausted. Thus, the Court has subject matter jurisdiction over Plaintiff's claim.

### B. Fed. R. Civ. P. 12(b)(6)

Defendant also contends that Plaintiff has failed to satisfy the pleading standards of Rule 8(a)(2) to survive a Rule 12(b)(6) motion to dismiss. Federal Rule of Civil Procedure 8(a) requires that a pleading contain a " (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Defendant states Plaintiff has failed to provide information concerning the "dangerous condition" that allegedly led to her injuries, where it was located on the premises, and how dangerous it was. ECF No. 8 at 7. Defendant alleges Plaintiff has additionally failed to clarify whether she is asserting wrongdoing for negligent training, hiring, or supervision, or whether she is asserting a respondeat superior claim. Id. at 7-8.

/ / /

Plaintiff counters that she has put the Defendant on notice of her negligence claim, because the complaint includes the date of the injury, "the basis of the negligence" as indicated by the allegation that "Plaintiff fell due to a dangerous condition on the Defendant's property" and that Defendant knew or should have known about said condition and failed to rectify it, that Defendant had a duty to Plaintiff, and that Plaintiff suffered damages. ECF No. 11 at 4. Plaintiff further contends that the complaint alleged facts to establish vicarious liability, simply by stating that Defendant is vicariously liable for its "staff, agents, apparent agents, servants, contractors, employees, etc." for failing to train, adequately supervise, or "screen potential employees." Id.

The Court finds that Plaintiff has failed to meet the pleading standard of Rule 8(a). Without any description whatsoever of the "dangerous condition" that allegedly led to Plaintiff's injury, there is no way to determine exactly what caused Plaintiff's alleged harm. In short, Plaintiff has failed to plead sufficient factual matter from which the Court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009). Therefore, Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6), and the Court grants the Motion to Dismiss.

### VI. CONCLUSION

For the reasons stated above,

**IT IS THEREFORE ORDERED** that the Motion to Dismiss is GRANTED. The action is dismissed without prejudice. (ECF No. 8).

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended pleading within thirty (30) days that names the proper Defendant and fulfills the requirements of Federal Rule of Civil Procedure 8(a). If no amended complaint is filed, this action will be dismissed with prejudice.

DATED: September 27, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**